

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

ENTERED
12/09/2009

| | | |
|---|---|---|
| IN RE: | § | |
| SAMMY LEE IDLETT, MELISSA D. IDLETT | § | CASE NO: 09-60169 |
| Debtor(s) | § | |
| | § | CHAPTER 13 |
| | § | |

**ORDER
DENYING APPROVAL OF AGREED ORDER PROPOSING TO RESOLVE
OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
(DOC # 34)**

Docket # 34 is a proposed Agreed Order filed by 21st Mortgage Corporation ("Creditor") to resolve Creditor's objection to confirmation of Debtor's chapter 13 plan. The Court declines to approve the agreement, not necessarily because the Court concludes that the agreement is not appropriate, but because objections to confirmation of chapter 13 plans must be adjudicated at one time, at the confirmation hearing, not *ad hoc* as Debtor and creditors reach agreements. Any other procedure violates the goal of having a single hearing to adjudicate related issues, is wasteful of judicial resources, and is potentially chaotic.

Thousands of chapter 13 cases are filed each year in this Court. The debtor/creditor relationship is adjusted for tens of thousands of creditors as chapter 13 plans are confirmed and administered by the chapter 13 Trustees. Section 1325 of the Bankruptcy Code lists very specific requirements for confirmation of a chapter 13 plan.

In this case, Debtor filed a proposed chapter 13 plan and Creditor objected to confirmation of that plan, contending that the plan did not meet the statutory requirements. Creditor's "Agreed Order" proposes to resolve that dispute by specifying how payments to Creditor will be made during administration of the plan. While the Agreed Order is much more eloquent, it effectively either (i) restricts the Court from confirming a plan at variance from the Agreed Order, or (ii) requires the Court to issue a separate confirmation order for the Trustee to distribute funds to Creditor in amounts that might differ from the confirmed plan.

Some of the § 1325 plan confirmation requirements relate to specific creditors and some of those requirements relate to a debtor's relationship to the entire creditor body. At the plan confirmation hearing, the debtor's relationship to all of his or her creditors is adjusted. It is important to have a single time and place for determination of those issues because all parties should have the opportunity to be heard concerning the adjudication of their interests. Although it is rare for creditors to have disputes *inter se*, the issues important to the entire creditor body are generally articulated by the Trustee. It is much more efficient to adjudicate all issues at a single hearing because the interrelationship of the issues (*e.g.* is there enough money dedicated to the plan to pay everyone) is much easier to determine when all issues are heard at the same time.

In addition, the Chapter 13 Trustee must collect payments as provided in the plan and must distribute those payments as provided in the plan. The Chapter 13 Trustee is an essential and pivotal part of the process. The Agreed Order is fatally defective because the Chapter 13 Trustee is not a party to it.

The Agreed Order is also unacceptable because it allows for the possibility of a confirmation order that differs from the chapter 13 plan. The chapter 13 Trustee needs a single document to establish

collection and disbursement requirements.  The submission of separate orders governing the entitlement of individual creditors creates the potential for conflicts between the plan and the orders.  Conflicting orders invite errors and maladministration.

      Next, to handle thousands of chapter 13 cases efficiently, the Court needs to limit the number times that it examines each chapter 13 plan.  Having a single confirmation hearing (rather than examining multiple agreed orders as debtors and creditors reach agreements) facilitates that goal.

      Generally, neither the Court nor the chapter 13 Trustee has the time or resources to undertake duties for individual creditors.  An Agreed Order that requires the Court or the Trustee to review the most current chapter 13 plan for consistency with the Agreed Order is unacceptable.  Creditor must review the plan proposed at the confirmation hearing and determine whether it is acceptable to Creditor.

      Finally, the United States Bankruptcy Court for the Southern District of Texas spent enormous effort to make the chapter 13 process more efficient and effective by prescribing a "form chapter 13 plan" that must be used in all but exceptional circumstances.  Experience with this procedure has demonstrated that the effort was worthwhile; the new procedure has made chapter 13 practice much more efficient and effective.  Allowing individual creditors to negotiate and to submit their own agreements (in their own boilerplate) negates the efficiencies and imposes unacceptable burdens on the Court and the Trustee.

      The Court understands that national lenders prefer to reduce legal expense by hiring law firms to practice statewide or regionally, using boilerplate orders that avoid the necessity to attend hearings in locations where regional counsel does not maintain an office.  The Court will accommodate that preference when possible, but for reasons set forth above, the Court insists that the "plan" in a chapter 13 case be presented in a single document, on the Court's form, and that compliance with § 1325 be adjudicated at a single confirmation hearing except in truly extraordinary circumstances.

      It is not uncommon for debtors to amend their chapter 13 plans several times before the final confirmation hearing.  If Creditor wants to assure that the most recent plan (the one considered for confirmation at the hearing) conforms with Creditor's view of the law and the facts, Creditor can attend the confirmation hearing and will be heard.  If Creditor fails to appear, the Court will dismiss the objection for want of prosecution.

      SIGNED 12/08/2009.

_____
Wesley W. Steen
United States Bankruptcy Judge